### In re BENSEL et al.

(Supreme Court, Special Term, Ulster County. July 20, 1910.)

1. EMINENT DOMAIN (§ 230*)—COMMISSIONERS OF APPRAISAL—APPLICATION TO FIX COMPENSATION.

Because of his full knowledge of the services rendered by commissioners of appraisal in condemnation proceedings, it is better practice to apply for the fixing of their compensation to the judge who heard the motion for confirming their report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EMINENT DOMAIN (§ 265*) — COSTS — COMMISSIONERS OF APPRAISAL — EXPENSES.

The expense of commissioners of appraisal in condemnation proceedings in obtaining, as a means of guidance, the opinion of a court, adverse to the position of the counsel of the condemning party, is a proper expenditure.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

3. EMINENT DOMAIN (§ 230*)—COMMISSIONERS OF APPRAISAL—COMPENSATION.

A commissioner of appraisal in condemnation proceedings is not entitled to compensation for time spent in getting compensation for the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 230.*]

4. EMINENT DOMAIN (§ 230*)—COMMISSIONERS OF APPRAISAL—COMPENSATION.

While, as against objection to compensating commissioners of appraisal on the basis of full days, the fact of delay in opening sessions being caused by reason of nonresident members spending time in travel will be considered, and little weight will be given the objection where as much as five hours a day was expended in sessions, and days when testimony ended early in the day, evidently unexpectedly, will not be criticised, charges for whole days will not be allowed, in the absence of explanation, when, the whole commission being present, sessions did not begin till noon or later.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 230.*]

In the matter of the application and petition of John S. Bensel and others, constituting the Board of Water Supply of the City of New York, to acquire real estate for and on behalf of the city under Laws 1905, c. 724, and acts amendatory thereof, in the· town of Hurley, Ulster county, N. Y., for the purpose of providing an additional supply of pure and wholesome water for the use of the city of New York. Heard on application for an order settling the amount of fees, costs, and disbursements of commissioners of appraisal, George W. Batton and others, for Ashokan Reservoir, section 15. On third separate and final report. Applications allowed.

George E. Weller, for the Commission.
Archibald R. Watson, Corp. Counsel, for the City.
Amasa J. Parker, Jr., Special Counsel.

LE BOEUF, J. I have read with much interest the volume of opinions of justices of this court on the question of Ashokan dam allowances. The literature on the subject appears to be complete in range and forcible in expression. I have no desire, except in one respect, to add anything to it.

The practice disclosed in this case of moving for confirmation of commissioners' reports before one judge and applying to another to fix the commissioners' compensation is not to be commended. The result is, as here, that full knowledge of the services rendered by the commissioners is not available in passing upon the compensation to be paid for those very services.

Special Counsel Goldsmith, however, who appeared for the city in such proceedings, and swears that he is familiar with the proceedings from their inception from personal knowledge, makes no objection to the character of the work done by the commissioners in his affi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

davit. From such a source much enlightenment could have been obtained by affidavit as to the matters later referred to in the memorandum of the corporation counsel and the Albany special counsel.

Objection is made in these memoranda to the expense of the opinion of Mr. Justice Chester, adverse to the position of the corporation counsel. This would seem a proper expenditure as a means of guidance to the commissioners for their future action. Allowing this expense, as I do, I shall also assume that the commissioners, in rendering their future services, did so render them in the light of that opinion.

Objection is made to three days' time of Commissioner Weller, spent in getting compensation for the commissioners for their second report. This objection is well taken, and the item is not allowed.

Some objection is made to the holding of executive sessions at New York City, rather than at Kingston. One of the commissioners lives at New York, another at Lockport, and as between the two places there seems to be little objection to at times holding executive sessions in New York. There is, however, merit in the objection that there were some days, apparently, at Kingston, when all the commissioners were present, when some of these executive sessions might well have been held there. This fact is taken into consideration in making my determination.

Disallowing Commissioner Weller's three extra days, the commissioners' affidavits call for compensation for 50 days' time, divided into 23 days spent in hearings, 14 days in viewing property, 10 days in executive session, 2 half days' trial, and 1 day making up report. No amount of compensation is suggested by the commissioners. The much-discussed old rule of $50 per day, which no one now seems desirous of fathering, would admit a compensation of $2,500 each, upon the claim of 50 full days. The special counsel at Albany suggests that the amount should not exceed about $1,100. On the proof before me, however, this amount does not seem to be a fair compensation.

In reaching my conclusion, I have taken into consideration the amount of work apparently done by the commissioners as reflected in their report, although the full facts on this subject are not available. I have taken into consideration the fact that two of the commissioners were nonresidents, and that the opening of sessions on certain days was necessarily delayed by reason of the time spent in travel and their nonresidence.

As five-hour sessions are not deemed improper in some courts, there seems to be little weight to the objection to days when so much time has been expended. Experience with the breaking down of court calendars leads the court also to forego criticism on days when testimony was closed early in the day, and evidently unexpectedly. Days, however, when the whole commission was at Kingston, two of them staying at hotels, as shown by their bills, will hardly, unexplained, permit charges for whole days, when sessions did not begin until noon or the afternoon.

I have taken into consideration, as well, that this is the last report of the commissioners. They have completed their work within the year, and have not asked for any extension. No objection has been made on this motion to the character of the work which has been done, and the commissioners are entitled to a fair compensation. On the last report they were awarded the sum of $2,000 each by Mr. Justice Chester. Upon the work which they have now completed, I believe the sum of $1,800 is a fair compensation to be awarded each of the commissioners, and that the bill of disbursements sworn to by each of the commissioners should be allowed in full.

An order may be entered awarding compensation and payment of disbursements in accordance with this opinion.